WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq. (SBN 0050)
Jory C. Garabedian, Esq. (SBN 10352)
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
Tel:  (702) 475-7964  Fax: (702) 946-1345
dnitz@wrightlegal.net; jgarabedian@wrightlegal.net
*Attorneys for Federal Home Loan Mortgage Corporation*

FENNEMORE CRAIG JONES VARGAS
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
300 S. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228 Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

ARNOLD & PORTER LLP
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.
555 12th Street NW
Washington, DC 20004
Tel: (202) 942-5000 Fax: (202) 942-5999
Asim.Varma@aporter.com; Howard.Cayne@aporter.com;
Michael.Johnson@aporter.com
*Attorneys for Federal Housing Finance Agency*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, a government-sponsored entity; FEDERAL HOUSING FINANCE AGENCY, as Conservator of Freddie Mac,<br><br>Plaintiffs,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada Domestic Limited Liability Company; SONORA HILLS HOMEOWNERS ASSOCIATION, a Nevada Non-Profit Corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

1    Plaintiff Federal Home Loan Mortgage Corporation ("Defendant" or "Freddie Mac"), and

2  Plaintiff Federal Housing Finance Agency, as Conservator of Freddie Mac ("FHFA" or the

3  "Conservator") (collectively, "Plaintiffs"), by and through their counsel of record,, hereby

4  complain against Defendants SFR Investments Pool 1, LLC ("SFR" or "Buyer") and Sonora

5  Hills Homeowners Association ("Sonora Hills HOA" or simply "HOA") (collectively,

6  "Defendants") as follows:

7                                                  I.

8                     **THE PARTIES, JURISDICTION AND VENUE**

9         1.      Plaintiff Freddie Mac is a corporation organized and existing under the laws of

10  the United States with its principal office in Washington, D.C.  Freddie Mac is deemed a citizen

11  of the District of Columbia for jurisdictional purposes in civil cases.  12 U.S.C. § 1717(a)(2)(B).

12         2.      Freddie Mac was established as a government sponsored enterprise to provide

13  stability and liquidity in the secondary mortgage market.  12 U.S.C. § 1716(1), (4).  Pursuant to

14  its statutory mission, Freddie Mac owns or guarantees millions of home loans throughout the

15  United States, many of which are associated with properties located in the State of Nevada.

16         3.      Plaintiff Federal Housing Finance Agency is a federal agency located at 400 7th

17  Street, SW in Washington, D.C.  FHFA was created on July 30, 2008, pursuant to the Housing

18  and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654, codified

19  at 12 U.S.C. § 4617 et seq., to oversee Fannie Mae, Freddie Mac and the Federal Home Loan

20  Banks.

21         4.      On September 6, 2008, the Director of FHFA, authorized by HERA, placed

22  Fannie Mae and Freddie Mac into conservatorships and appointed FHFA as Conservator.  In that

23  capacity, FHFA has the authority to exercise all rights and remedies of Fannie Mae and Freddie

24  Mac, including, but not limited to, the authority to bring suits on behalf of and/or for the benefit

25  of Fannie Mae and Freddie Mac.  12 U.S.C. § 4617(b)(2).

26         5.      Upon information and belief, Defendant SONORA HILLS HOMEOWNERS

27  ASSOCIATION is a Nevada non-profit corporation with its principal place of business in

28  Nevada.

6.      Upon information and belief, Defendant SFR INVESTMENTS POOL 1, LLC is a Nevada limited liability company with its principal place of business in Nevada.

7.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as all plaintiffs are "citizens of different States" from all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims asserted arise under the laws of the United States.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendants reside in this district; a substantial part of the events or omissions giving rise to these claims occurred in this district; and the property that is the subject of this action is situated in this district.

10.      The Court has personal jurisdiction over the HOA because this lawsuit arises out of and is connected with Eldorado's foreclosure of real property located in Nevada and, upon information and belief, the HOA is a Nevada corporation.

11.      The Court has personal jurisdiction over Buyer because this lawsuit arises out of and is connected with Buyer's purposeful purchase of an interest in real property situated in the County of Clark, State of Nevada and, upon information and belief, Buyer is a Nevada limited liability company.

## II.

## FACTUAL BACKGROUND

### The Property and the Deed of Trust

12.      This action relates to the parties' rights in that certain real property commonly described as 7671 Mocorito Avenue, Las Vegas, NV 89113; APN 163-27-312-008 (the "Property"). The Property is legally described as follows:

> LOT 8 IN BLOCK 1 OF SONORA - UNIT 1, A COMMON INTEREST COMMUNITY. AS SHOWN ON MAP THEREOF ON FILE IN BOOK 111 OF PLATS, PAGE 32. IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA.

13.     On or about February 27, 2004, the Property was conveyed to Susan Collingbourne ("Susan" or "Borrower").  On or about March 1, 2004, a Grant, Bargain, Sale Deed evidencing the conveyance to the Borrower was recorded as Book and Instrument Number 20040301-03380 in the Official Records of the Clark County Recorder.  A true and correct copy of said Grant, Bargain, Sale Deed is attached as **Exhibit 1**.

14.     On or about April 18, 2004, a Deed of Trust (the "Deed of Trust"), securing a loan in the amount of $226,000.00 (the "Collingbourne Loan"), was recorded as Book and Instrument Number 20060418-0000841 in the Official Records of the Clark County Recorder, showing the Borrower as the borrower, Mortgage Electronic Registration Systems, Inc. ("MERS") as the Beneficiary, and Landam as Trustee. A true and correct copy of said Deed of Trust is attached as **Exhibit 2**.

15.     On or about February 27, 2010, a document was recorded as Book and Instrument Number 201002170002771 in the Official Records of the Clark County Recorder, which states that in Section (C) of Page 1 of the Deed of Trust, the Lender should read Taylor, Bean & Whitaker Mortgage Corp.  A true and correct copy of said Deed of Trust is attached as **Exhibit 3**.

16.     On or about May 11, 2006, Freddie Mac purchased the Collingbourne Loan.

17.     Upon information and belief, Alessi & Koenig, LLC ("Alessi" or "HOA Trustee") is the agent of the HOA and acted as the foreclosure trustee, which allegedly mailed and served the foreclosure notices, if any, and the HOA is responsible for its acts and omissions under the doctrine of respondeat superior.

18.     On or about March 9, 2010, a Notice of Default and Election to Sell Under Deed of Trust was recorded by HOA Trustee as Book and Instrument Number 201003090003253 in the Official Records of the Clark County Recorder.  A true and correct copy of said Notice of Default and Election to Sell Under Deed of Trust is attached as **Exhibit 4**.

19.     On or about June 3, 2010, a Substitution of Trustee was recorded as Book and Instrument Number 201006030003070 in the Official Records of the Clark County Recorder

whereby OCWEN Loan Servicing, LLC substituted MTC Financial Inc. dba Trustee Corps. as the trustee under the Deed of Trust in place and instead of LANDAM.  A true and correct copy of said Assignment of Deed of Trust is attached as **Exhibit 5**.

20.     On or about January 4, 2012, an Assignment of Deed of Trust was recorded as Book and Instrument Number 201201040000845 in the Official Records of the Clark County Recorder whereby MERS, as nominee for Taylor, Bean & Whitaker Mortgage Corp. assigned "all its rights, title and interest in" the Deed of Trust to OCWEN Loan Servicing, LLC.  A true and correct copy of said Assignment of Deed of Trust is attached as **Exhibit 6**.

21.     Ocwen Loan Servicing, LLC began servicing the Note and Deed of Trust for Freddie Mac on or about August 12, 2009.

22.     On or about January 17, 2012, a Substitution of Trustee was recorded as Book and Instrument Number 201201170002077 in the Official Records of the Clark County Recorder whereby OCWEN Loan Servicing, LLC substituted MTC Financial Inc. dba Trustee Corps., as the trustee under the Deed of Trust in place and instead of LANDAM.  A true and correct copy of said Assignment of Deed of Trust is attached as **Exhibit 7**.

23.     On or about June 3, 2013, a Corporate Assignment of Deed of Trust was recorded as Book and Instrument Number 201306030000449 in the Official Records of the Clark County Recorder whereby OCWEN Loan Servicing, LLC assigned the Deed of Trust to Nationstar.  A true and correct copy of said Assignment of Deed of Trust is attached as **Exhibit 8**.

24.     Nationstar began servicing the Note and Deed of Trust for Freddie Mac on or about May 16, 2013.

25.     On or about August 14, 2014, a Substitution of Trustee was recorded as Book and Instrument Number 20140814-0001596 in the Official Records of the Clark County Recorder whereby Nationstar substituted Trustee Corps. as the trustee under the Deed of Trust.  A true and correct copy of said Assignment of Deed of Trust is attached as **Exhibit 9**.

26.     On or about September 26, 2014, a Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust was recorded as Book and Instrument

1   Number 20140926-0002913 in the Official Records of the Clark County Recorder.  A true and

2   correct copy of said Assignment of Deed of Trust is attached as **Exhibit 10**.

3       27.     On or about October 3, 2014, Notice of Rescission - Notice of Breach and Default

4   and of Election to Cause Sale of Real Property Under Deed of Trust (the "Notice of Rescission")

5   was recorded as Book and Instrument Number 20141003-0001936 in the Official Records of the

6   Clark County Recorder.  A true and correct copy of said Notice of Rescission is attached as

7   **Exhibit 11**.

8   *The HOA Foreclosure and Buyer's Acquisition of the Property*

9       28.     The Property is subject to a Declaration of Covenants, Conditions, and

10   Restrictions for Sonora Hills Homeowners Association (the "CC&Rs"). The CC&Rs were

11   recorded in the Official Records of the Clark County Recorder on or about November 24, 2003,

12   as Book and Instrument Number 20031124-01703 in the Official Records of the Clark County

13   Recorder.  A true and correct copy of the CC&Rs is attached as **Exhibit 12.**

14       29.     On or about February 6, 2009, a Notice of Delinquent Assessment (Lien) (the

15   "First Notice of Lien") was recorded as Book and Instrument Number 20090206-0000307 in the

16   Official Records of the Clark County Recorder on behalf of Sonora HOA.  A true and correct

17   copy of said First Lien is attached as **Exhibit 13**.  The First Notice of Lien states, in part, that

18   "The total amount due through today's date is: $1,198.00.  Of this total amount $565.00

19   represents Collection and/or Attorney fees and $50.00 represents collection costs, late fees,

20   service charges and interest."  The First Notice of Lien is dated January 29, 2009.

21       30.     On or about March 31, 2011, a Notice of Delinquent Assessment (Lien) (the

22   "Second Notice of Lien") was recorded as Book and Instrument Number 201103310002177 in

23   the Official Records of the Clark County Recorder on behalf of Sonora HOA.  A true and correct

24   copy of said First Lien is attached as **Exhibit 14**.  The Second Notice of Lien states, in part, that

25   "The total amount due through today's date is: $2,734.75.  Of this total amount, $2,509.75

26   represents Collection and/or Attorney fees, assessments, interest, late fees and services charges.

27   $225.00 represents collection costs."  The Second Notice of Lien is dated March 15, 2011.

28       31.     On or about September 15, 2011, a Notice of Default and Election to Sell Under

Homeowners Association Lien (the "First Notice of Default") was recorded as Book and Instrument Number 201109150001801 in the Official Records of the Clark County Recorder on behalf of Sonora HOA.  A true and correct copy of the First Notice of Default is attached as **Exhibit 15**.  The First Notice of Default states, in part, that "The amount due is $3,508.50 as of August 4, 2011[.]"

32.     On or about August 2, 2012, a Notice of Trustee's Sale (the "First Notice of Sale") was recorded as Book and Instrument Number 201208020001794 in the Official Records of the Clark County Recorder on behalf of the Sonora HOA. A true and correct copy of the First Notice of Sale is attached as **Exhibit 16**.  The First Notice of Sale states, in part, that "The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $4,657.75."

33.     On or about October 4, 2013, a Notice of Delinquent Assessment (Lien) (the "Third Notice of Lien") was recorded as Book and Instrument Number 201310040002521 in the Official Records of the Clark County Recorder on behalf of Sonora HOA.  A true and correct copy of said First Lien is attached as **Exhibit 17**.  The Third Notice of Lien states, in part, that "The total amount due through today's date is: $1,261.95.  Of this total amount, $1,161.75 represents Collection and/or Attorney fees, assessments, interest, late fees and services charges. $100.20 represents collection costs."  The Third Notice of Lien is dated September 25, 2013.

34.     On or about January 3, 2014, a Notice of Default and Election to Sell Under Homeowners Association Lien (the "Second Notice of Default") was recorded as Book and Instrument Number 201401030000139 in the Official Records of the Clark County Recorder on behalf of Sonora HOA.  A true and correct copy of the Second Notice of Default is attached as **Exhibit 18**.  The Second Notice of Default states, in part, that "The amount due is $2,124.50 as of the date of this notice" and is dated January 2, 2014.

35.     On or about June 5, 2014, a Notice of Trustee's Sale (the "Second Notice of Sale") was recorded as Book and Instrument Number 20140605-0002540 in the Official Records of the Clark County Recorder on behalf of the Sonora HOA. A true and correct copy of the

1  Second Notice of Sale is attached as **Exhibit 19**.  The Second Notice of Sale states, in part, "The
2  total amount of the unpaid balance of the obligation secured by the property to be sold and
3  reasonable estimated costs, expenses and advances at the time of the initial publication of the
4  Notice of Sale is $3,473.23."

5        36.  On or about July 15, 2014, a Trustee's Deed Upon Sale ("Trustee's Deed") was
6  recorded as Book and Instrument Number 20140715-0002688 in the Official Records of the
7  Clark County Recorder.  The Trustee's Deed names the Buyer as the grantee and states that the
8  Property was sold by the Sonora HOA's Trustee at a public auction (the "HOA Sale") on July 9,
9  2014.  The deed states the sale price of $35,000.  A true and correct copy of said deed is attached
10  as **Exhibit 20**.

11        37.  The First Notice of Default, the First Notice of Sale, the Second Notice of
12  Default, the Second Notice of Sale or the Trustee's Deed identified what proportion of the
13  claimed lien was for "Collection and/or Attorney fees" but not the alleged late fees, interest, or
14  fines/violations.

15        38.  None of the First Notice of Lien, the Second Notice of Lien, the First Notice of
16  Default, the First Notice of Sale, the Third Notice of Lien, the Second Notice of Default, the
17  Second Notice of Sale or the Trustee's Deed (collectively "HOA assessment lien and foreclosure
18  notices") specified what portion of the lien, if any, that HOA claimed constituted a "super-
19  priority" lien.

20        39.  None of the HOA assessment lien and foreclosure notices specified whether HOA
21  was foreclosing on the "super-priority" portion of its lien, if any, or under the non-super-priority
22  portion of the lien.

23        40.  None of the HOA assessment lien and foreclosure notices provided any notice of
24  a right to cure by Plaintiffs.

25        41.  At the time of the HOA Sale, the amount owed on the Collingbourne Loan
26  exceeded $218,966.

27        42.  Upon information and belief, at the time of the HOA Sale, the fair market value of
28  the Property exceeded $145,000.

43.     The sale price at the HOA Sale is not commercially reasonable when compared to the debt owed on the Collingbourne Loan and the fair market value of the Property.

44.     FHFA did not consent to the HOA Sale extinguishing or foreclosing Freddie Mac's first Deed of Trust on the Property.

### IV.

### FIRST CAUSE OF ACTION

### (Declaratory Relief versus SFR and Sonora Hills HOA)

45.     Plaintiffs repeat and re-allege the preceding paragraphs as though fully set forth herein and incorporate the same by reference.

46.     Pursuant to 28 U.S.C. § 2201 and NRS 40.010, this Court has the power and authority to declare Plaintiffs' rights and interests in the Property.

47.     The Deed of Trust is a first secured interest on the Property.

48.     FHFA is an agency of the federal government of the United States of America and is also the Conservator for Freddie Mac.

49.     FHFA has succeeded by law to all of Freddie Mac's "rights, titles, powers, and privileges." 12 U.S.C. § 4617(b)(2)(A)(i).

50.     During the Conservatorship, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

51.     Freddie Mac's secured interest at issue is property of the FHFA.  Therefore, applying NRS Chapter 116 or other state law in a manner that extinguishes Freddie Mac's first position Deed of Trust would violate 12 U.S.C. § 4617(j)(3).

52.     12 U.S.C. § 4617(j)(3) preempts any state law that would permit a foreclosure on a super-priority lien to extinguish a first secured interest of Freddie Mac while it is under FHFA's conservatorship.

53.     At no time did FHFA consent to the HOA Sale and/or the extinguishment of the Deed of Trust.

54.     Pursuant to 12 U.S.C. § 4617(j)(3), the HOA Sale could not extinguish Freddie

1 | Mac's first secured interest.

2 |     55.    Plaintiffs are entitled to a declaration from this Court, pursuant to 28 U.S.C.

3 | § 2201 and NRS 40.010, that Freddie Mac is the beneficiary of a first position Deed of Trust

4 | which still encumbers the Property.

5 |     56.    Plaintiffs are entitled to a determination from this Court, pursuant to 28 U.S.C.

6 | § 2201 and NRS 40.010, that 12 U.S.C. § 4617(j)(3) precludes the HOA Sale from extinguishing

7 | Freddie Mac's first secured interest and that interest is superior to any purported interest acquired

8 | by the Buyer through the Trustee's Deed.

9 | **SECOND CAUSE OF ACTION**

10 | **(Quiet Title versus SFR)**

11 |     57.    Plaintiffs repeat and re-allege the preceding paragraphs as though fully set forth

12 | herein and incorporate the same by reference.

13 |     58.    Pursuant to 28 U.S.C. § 2201 and NRS 40.010, this Court has the power to

14 | resolve SFR's adverse claims in the Property.

15 |     59.    The Deed of Trust is a first secured interest on the Property.

16 |     60.    SFR claims an interest in the Property through a Trustee's Deed that is adverse to

17 | Plaintiffs' interest.

18 |     61.    Plaintiffs' interest in the Deed of Trust encumbering the Property constitutes an

19 | interest in real property.

20 |     62.    Freddie Mac's secured interest at issue is property of the Conservator. Therefore,

21 | applying NRS Chapter 116 or other state law in a manner that extinguishes Freddie Mac's first-

22 | position Deed of Trust would violate 12 U.S.C. § 4617(j)(3).

23 |     63.    Based on the adverse claims being asserted by the parties, Plaintiffs are entitled to

24 | a judicial determination regarding the rights and interests of the respective parties to the case.

25 |     64.    Plaintiffs are entitled to a determination from this Court, pursuant to 28 U.S.C.

26 | § 2201 and NRS 40.010, that Freddie Mac is the beneficiary of a first position Deed of Trust

27 | which still encumbers the Property.

28 |     65.    Plaintiffs is entitled to a determination from this Court, pursuant to 28 U.S.C.

1  § 2201 and NRS 40.010 that Freddie Mac's secured interest by virtue of its Deed of Trust is
2  superior to any interest acquired by SFR through the Trustee's Deed.

3  ### THIRD CAUSE OF ACTION

4  **(Preliminary Injunction versus SFR)**

5  66.   Plaintiffs repeat and re-allege the preceding paragraphs as though fully set forth
6  herein and incorporate the same by reference.

7  67.   Plaintiffs dispute any claim by SFR claim that it owns the Property free and clear
8  of the Deed of Trust.

9  68.   Any sale or transfer of the Property by SFR, prior to a judicial determination
10  concerning the respective rights and interests of the parties to the case, may be rendered invalid
11  if the Deed of Trust still encumbers the Property in first position and was not extinguished by the
12  HOA Sale.

13  69.   Plaintiffs have a substantial likelihood of success on the merits of this Complaint,
14  for which compensatory damages would not compensate Freddie Mac for the irreparable harm of
15  the loss of title to a bona fide purchaser or loss of the first position priority status secured by the
16  Property.

17  70.   Plaintiffs have no adequate remedy at law due to the uniqueness of the Property
18  involved in the case.

19  71.   Plaintiffs is entitled to a preliminary injunction prohibiting SFR, its successors,
20  assigns, and agents from conducting any sale, transfer or encumbrance of the Property that is
21  claimed to be superior to the Deed of Trust or not subject to that first Deed of Trust.

22  72.   Plaintiffs are entitled to a preliminary injunction requiring SFR to pay all taxes,
23  insurance and homeowner's association dues during the pendency of this action.

24  ### FOURTH CAUSE OF ACTION

25  **(Unjust Enrichment versus SFR)**

26  73.   Plaintiffs repeat and re-allege the preceding paragraphs as though fully set forth
27  herein and incorporate the same by reference.

28  74.   The HOA Sale unjustly enriched SFR, in that it obtained real property secured by

Freddie Mac's Deed of Trust with a fair market value exceeding $145,000 for the inequitable purchase price of $35,000.00 to the detriment of Plaintiffs, and contrary to fundamental principles of fairness, justice, and fair dealing.

75.     SFR has also been unjustly enriched, in that Freddie Mac (by and through its servicer Nationstar) has continued to expend funds and resources to maintain and preserve the Property, including but not limited to, payments of real property taxes, HOA assessments, and utilities to the detriment of Plaintiffs, and contrary to fundamental principles of fairness, justice, and fair dealing.

76.     Plaintiffs are entitled to recoup the reasonable amount of benefits obtained by SFR based on the theory of unjust enrichment.

77.     Plaintiffs were required to retain an attorney to prosecute this action, and are therefore entitled to collect its reasonable attorneys' fees and costs.

## PRAYER

Wherefore, Plaintiffs prays for judgment against Sonora Hills HOA and SFR, jointly and severally, as follows:

1.     For a declaration that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit a foreclosure on a super-priority lien to extinguish a property interest of Freddie Mac while it is under FHFA's conservatorship

2.     For a declaration and determination that the HOA Sale did not extinguish Freddie Mac's first secured interest in the Property and thus did not convey the Property free and clear to SFR;

3.     For a declaration and determination that Freddie Mac's interest is secured against the Property and that Freddie Mac's interest is superior to the interest of SFR;

4.     For a preliminary injunction that SFR, its successors, assigns, and agents are prohibited from conducting any sale, transfer or encumbrance of the Property that is claimed to be superior to the Deed of Trust or not subject to that Deed of Trust;

5.     For a preliminary injunction that SFR be required to pay all taxes, insurance and homeowner's association dues during the pendency of this action;

6.     For costs of court incurred herein, including post-judgment costs; and

7.     For any and all further relief deemed appropriate by this Court.

DATED this 9th day July, 2015.

WRIGHT, FINLAY & ZAK, LLP

/s/ Jory C. Garabedian
Dana Jonathon Nitz, Esq. (SBN 0050)
dnitz@wrightlegal.net
Jory C. Garabedian, Esq. (SBN 10352)
jgarabedian@wrightlegal.net
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
Tel:  (702) 475-7964  Fax: (702) 946-1345
*Attorneys for Federal Home Loan Mortgage
Corporation*

FENNEMORE CRAIG JONES VARGAS

/s/ Leslie Bryan Hart, Esq.
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
300 S. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228 Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

ARNOLD & PORTER LLP
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.
555 12th Street NW
Washington, DC 20004
Tel: (202) 942-5000 Fax: (202) 942-5999
Asim.Varma@aporter.com;
Howard.Cayne@aporter.com;
Michael.Johnson@aporter.com
*Attorneys for Federal Housing Finance Agency*