Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com
*Attorneys for Plaintiffs Federal Housing Finance
Agency and Federal Home Loan Mortgage
Corporation*

(*Pro Hac Vice* to be submitted)
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.
ARNOLD & PORTER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000   Fax: (202) 942-5999
Asim.Varma@aporter.com;
Howard.Cayne@aporter.com;
Michael.Johnson@aporter.com
*Attorneys for Plaintiff Federal Housing Finance
Agency*

(*Pro Hac Vice* to be submitted)
John H. Maddock III, Esq.
Tennille J. Checkovich, Esq.
Michael W. Stark, Esq.
MCGUIRE WOODS LLP
Gateway Plaza, 800 East Canal Street
Richmond, VA 23219
Tel: 804-775-1000 Fax: 804-775-1061
jmaddock@mcguirewoods.com
tcheckovich@mcguirewoods.com
mstark@mcguirewoods.com
*Attorneys for Plaintiff Federal Home Loan
Mortgage Corporation*

Amy F. Sorenson, Esq. (SBN 12495)
Robin E. Perkins, Esq. (SBN 9891)
SNELL & WILMER LLP
3883 Howard Hughes Pkwy, Suite 1100
Las Vegas, NV 89169
Tel:  702-784-5200 Fax: 702-784-5252
asorenson@swlaw.com,
rperkins@swlaw.com
*Attorneys for Plaintiff Federal National
Mortgage Association*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of THE Federal National Mortgage Association and Federal Home Loan Mortgage Corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and FEDERAL HOME LOAN MORTGAGE CORPORATION, <br><br> Plaintiffs, <br><br> vs. <br><br> SFR INVESTMENTS POOL 1, LLC, a Nevada domestic limited liability company; NEVADA NEW BUILDS, LLC, a Nevada domestic limited liability company; and LAS VEGAS DEVELOPMENT GROUP, LLC, a Nevada domestic limited liability company, <br><br> Defendants. | CASE NO.: 2:15-cv-01338-GMN-CWH <br><br><br> **FHFA, FANNIE MAE, AND FREDDIE MAC'S MOTION FOR CERTIFICATION OF A DEFENDANT CLASS AND MEMORANDUM OF LAW IN SUPPORT THEREOF** |

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

1    Plaintiffs Federal Housing Finance Agency, Federal National Mortgage Association, and

2    Federal Home Loan Mortgage Corporation, through their undersigned counsel, respectfully

3    move pursuant to Federal Rule of Civil Procedure 23 for entry of an order determining that this

4    action may be maintained as a defendant class action against a class defined in the Corrected

5    First Amended Complaint as all current record owners—other than Fannie Mae, Freddie Mac, or

6    the Conservator—of Units as to which:   (1) HOA Foreclosure Sales have been or will be

7    completed on or after September 18, 2009, (2) an Enterprise Lien had attached and had not been

8    satisfied at the time of the applicable HOA Foreclosure Sale, and (3) the Court may assume and

9    exercise in rem jurisdiction.   Corrected First Am. Compl. ¶ 14.   In support of this motion,

10   Plaintiffs rely on the following Memorandum of Law.

11   DATED this 2nd day of October, 2015.

12
13   **FENNEMORE CRAIG, P.C.**                    **SNELL & WILMER LLP**

14   By:   /s/   Leslie Bryan Hart                By:   /s/   Amy F. Sorenson
          Leslie Bryan Hart, Esq. (SBN 4932)           Amy F. Sorenson, Esq. (SBN 12495)
15        John D. Tennert, Esq. (SBN 11728)            Robin E. Perkins, Esq. (SBN 9891)
          300 E. Second St., Suite 1510                3883 Howard Hughes Pkwy, Suite 1100
16        Reno, Nevada 89501                           Las Vegas, NV 89169
          Tel: 775-788-2228  Fax: 775-788-2229        Tel:  702-784-5200 Fax: 702-784-5252
17        lhart@fclaw.com; jtennert@fclaw.com          asorenson@swlaw.com,
     *Attorneys for Plaintiffs Federal Housing*        rperkins@swlaw.com
18   *Financing  Agency  and  Federal  Home  Loan*     *Attorneys for Plaintiff Federal National*
     *Mortgage Corporation*                            *Mortgage Association*
19        and                                               and
          **ARNOLD & PORTER LLP**                          **MCGUIRE WOODS LLP**
20        (*Pro Hac Vice* to be submitted)              (*Pro Hac Vice* to be submitted)
          Asim Varma, Esq.                             John H. Maddock III, Esq.
21        Howard N. Cayne, Esq.                         Tennille J. Checkovich, Esq.
          Michael A.F. Johnson, Esq.                   Michael W. Stark, Esq.
22   *Attorneys for Plaintiff Federal Housing*         *Attorneys for Plaintiff Federal Home Loan*
     *Financing Agency*                                *Mortgage Corporation*

23
24
25
26
27
28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

2

# MEMORANDUM OF LAW

## I.

## INTRODUCTION

Federal law mandates that while Federal National Mortgage Association ("Fannie Mae") and Federal Home Loan Mortgage Corporation ("Freddie Mac," and together with Fannie Mae, the "Enterprises") are in Federal Housing Finance Agency ("FHFA" or the "Conservator") conservatorships, none of their property "shall be subject to . . . foreclosure . . . without the consent of [FHFA]."  12 U.S.C. § 4617(j)(3).  A Nevada statute grants homeowners' associations ("HOAs") a lien for uncollected dues, a portion of which can receive super-priority status.  *See* Nev. Rev. Stat. § 116.3116(2).  The Nevada Supreme Court has held that a proper foreclosure of that super-priority lien can extinguish all junior interests, including pre-existing liens, if other requirements are satisfied.  *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014).  Through foreclosures under Nev. Rev. Stat. § 116.3116(2), Defendants and other similarly situated parties (i.e., members of the putative class) acquired property that was at the time subject to Enterprise Liens,[1] which are property interests protected by Section 4617(j)(3).  FHFA did not consent to the Enterprise Liens' purported extinguishment.

In this action, Plaintiffs ask the Court to declare that Section 4617(j)(3) preempts Nev. Rev. Stat. § 116.3116 to the extent that state law would otherwise extinguish the Enterprise Liens, and that the Enterprise Liens, therefore, continued to encumber the subject property following HOA Foreclosure Sales,[2] as the Court held in *Skylights LLC v. Byron*, --- F. Supp. 3d ----, 2015 WL 3887061, at *5, *12 (D. Nev. June 24, 2015).  *See also 1597 Ashfield Valley Trust v. Fed. Nat'l Mortg. Ass'n Sys.*, No. 2:14-cv-2123, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015) (Mahan, J.) (adopting *Skylights* and holding "under 12 U.S.C. § 4617, no individual may foreclose on property interest possessed by a company in FHFA conservatorship without FHFA consent"); *My Global Vill. LLC v. Fed. Nat'l Mortg. Ass'n*, No. 2:15-cv-00211, 2015 WL

---

[1]  *See infra* n.4 (defining Enterprise Lien).

[2]  *See infra* n.4 (defining HOA Foreclosure Sale).

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

4523501, at *4 (D. Nev. July 27, 2015) (Jones, J.) (adopting *Skylights*' reasoning and holding); *Premier One Holdings, Inc. v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-cv-2128, 2015 WL 4276169, at *3 (D. Nev. July 13, 2015) (same); *Williston Inv. Grp. v. JP Morgan Chase Bank, N.A.*, No. 2:14-cv-2038, 2015 WL 4276144, at *3 (D. Nev. July 13, 2015) (same); *Elmer v. JP Morgan Chase Bank, N.A.*, No. 2:14-cv-1999, 2015 WL 4393051, at *3 (D. Nev. July 13, 2015) (same).[3]

Plaintiffs ask the Court to certify a defendant class (the "Proposed Class") defined in the Corrected First Amended Complaint as "current record owners—other than Fannie Mae, Freddie Mac, or the Conservator—of Units as to which:  (1) HOA Foreclosure Sales have been or will be completed on or after September 18, 2009, (2) an Enterprise Lien had attached and had not been satisfied at the time of the applicable HOA Foreclosure Sale, and (3) the Court may assume and exercise in rem jurisdiction."  Corrected First Am. Compl. ¶ 14.[4]  The Proposed Class satisfies each of Rule 23(a)'s express and implied requirements, and certification is appropriate under Rule 23(b)(2) and (b)(1)(B).  Moreover, Plaintiffs ask the Court to exercise its discretion under Rule 23(c)(4) to limit class certification to the single issue of whether Section 4617(j)(3) preempts Nev. Rev. Stat. § 116.3116 (including the grant of appropriate relief on that basis).

## II.

## FACTUAL BACKGROUND

1.    In July 2008, in response to the pending financial crisis, Congress passed the Housing Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110–289, 122 Stat. 2654,

---

[3]    Plaintiffs also seek related permanent injunctive relief.

[4]    *See also* Corrected First Am. Compl. ¶ 10 (defining "Enterprise Lien" as "a lien owned by Fannie Mae, Freddie Mac, or the Conservator that is evidenced by a deed of trust relating to a mortgage loan for which a Unit serves as collateral"); *id.* ¶ 12 (defining "HOA Foreclosure Sale" as "completed HOA foreclosure proceedings provided for in Nev. Rev. Stat. § 116.3116(2), and including (1) recording an HOA lien for delinquent HOA dues, (2) recording a notice of default and election to sell under a homeowners' association lien, (3) recording a notice of an HOA trustee's sale, (4) holding an HOA trustee's sale, and (5) recording a trustee's deed"); *id.* ¶ 13 (defining "Person" as "any individual, partnership, corporation, association, or any other business or legal entity"); *id.* ¶ 15 (defining "Unit" as "'a physical portion of a [C]ommon-interest [C]ommunity' that is 'designated for separate ownership or occupancy, the boundaries of which are' created by the declaration related to the common-interest community"). Whereas "HOA Foreclosure Sale" embraces the entire foreclosure process authorized under Nev. Rev. Stat. § 116.3116, "HOA foreclosure sale" refers to the public auction, usually performed by an HOA's trustee, that is but one step in that process.  Capitalized terms not defined in this

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

4

*codified at* 12 U.S.C. § 4511 *et seq.*, which created FHFA as an independent federal agency to regulate and oversee the Enterprises and the Federal Home Loan Banks.  Corrected First Am. Compl. ¶¶ 2, 16.

2.     On September 6, 2008, FHFA became Conservator of both Enterprises, thereby immediately succeeding to "all rights, titles, powers, and privileges of the [Enterprises]."  12 U.S.C. § 4617(b)(2)(A)(i); Corrected First Am. Compl. ¶ 17.

3.     In HERA, Congress conferred on FHFA many broad protections from otherwise applicable laws while exercising its statutory powers as Conservator.  Section 4617(j)(3) is among these protections; it provides that while the Enterprises are under the conservatorship of FHFA, none of their property "shall be subject to . . . foreclosure[] . . . without the consent of [FHFA]."  12 U.S.C. § 4617(j)(3); Corrected First Am. Compl. ¶ 2.

4.     This action arises out of the parties' disputed rights in Units that were encumbered by Enterprise Liens at the time of the HOAs' foreclosure of their super-priority liens under Nev. Rev. Stat. § 116.3116(2).  Corrected First Am. Compl. ¶ 33.

5.     Specifically, this action arises out of the parties' rights in seven Units commonly described as 1633 Xanadu Drive, Henderson, Nevada (the "Xanadu Drive Property"); 7671 Mocorito Avenue, Las Vegas, Nevada (the "Mocorito Avenue Property"); 5321 Clover Blossom Court, North Las Vegas, Nevada (the "Clover Blossom Court Property"); 2612 Bahama Point Avenue, North Las Vegas, Nevada (the "Bahama Point Avenue Property"); 1577 Pasture Lane, Las Vegas, Nevada (the "Pasture Lane Property"); 435 Mesa Boulevard, Unit 202, Mesquite, Nevada (the "Mesa Boulevard Property"); and 5726 Sanibel Bay Street, North Las Vegas, Nevada (the "Sanibel Bay Street Property").  *Id.* ¶ 34.

6.     SFR is the current record owner of the Xanadu Drive Property, having acquired it after an HOA foreclosure sale that took place on or about July 11, 2012.  Freddie Mac has had an interest in the property since March 9, 2006 by virtue of its ownership of the then-homeowner's mortgage loan and the corresponding deed of trust.  *Id.* ¶ 35.

Motion carry the definitions provided in the Corrected First Amended Complaint.

10902428.1

7.      SFR is the current record owner of the Mocorito Avenue Property, having acquired it after an HOA foreclosure sale that took place on or about July 11, 2012.  Freddie Mac has had an interest in the property since May 11, 2006 by virtue of its ownership of the then-homeowner's mortgage loan and the corresponding deed of trust.  *Id.* ¶ 36.

8.      SFR is the current record owner of the Clover Blossom Court Property, having acquired it after an HOA foreclosure sale that took place on or about July 30, 2013.  Fannie Mae has had an interest in the property since December 9, 2011 by virtue of its ownership of the then-homeowner's mortgage loan and the corresponding deed of trust.  *Id.* ¶ 37.

9.      SFR is the current record owner of the Bahama Point Avenue Property, having acquired it after an HOA foreclosure sale that took place on July 16, 2013.  Fannie Mae has had an interest in the property since June 7, 2006 by virtue of its ownership of the then-homeowners' mortgage loan and the corresponding deed of trust.  *Id.* ¶ 38.

10.     SFR is the current record owner of the Pasture Lane Property, having acquired it after an HOA foreclosure sale that took place on or about September 11, 2013.  Fannie Mae has had an interest in the property since December 1, 2006 by virtue of its ownership of the then-homeowner's mortgage loan and the corresponding deed of trust.  *Id.* ¶ 39.

11.     Nevada New Builds is the current record owner of the Mesa Boulevard Property, having acquired it after an HOA foreclosure sale that took place on or about February 19, 2014.  Fannie Mae has had an interest in the property since December 7, 2007 by virtue of its ownership of the then-homeowners' mortgage loan and the corresponding deed of trust.  *Id.* ¶ 40.

12.     Las Vegas Development Group is the current record owner of the Sanibel Bay Street Property, having acquired it after an HOA foreclosure sale that took place on September 13, 2011.  Fannie Mae has had an interest in the property since June 17, 2005 by virtue of its ownership of the then-homeowner's mortgage loan and the corresponding deed of trust.  *Id.* ¶ 41.

### III.

### LEGAL STANDARD

Federal Rule of Civil Procedure 23 governs class actions.  Certification of a class is appropriate where the party moving for class certification demonstrates that the class satisfies

Rule 23(a)'s four express requirements—numerosity, commonality, typicality, and adequacy of representation—and an implied requirement that the class be ascertainable.   Fed. R. Civ. P. 23(a)(1)–(4); *accord Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613–14 (1997); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2012).   The party moving for class certification also carries the burden of demonstrating that the proposed class satisfies at least one of Rule 23(b)'s requirements.   *Blake v. Arnett*, 663 F.2d 906, 912 (9th Cir. 1981).   It is likewise Plaintiffs' burden to demonstrate that certification of an issue class pursuant to Rule 23(c)(4) is appropriate.   *See U. S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 408 (1980).

## IV.

## ARGUMENT

The Proposed Class, which is defined in the Corrected First Amended Complaint, satisfies each of Rule 23(a)'s four express requirements and is readily ascertainable, with its members identified by objective criteria that are administratively feasible to assess.   The Proposed Class also comports with Rule 23(b)(2) and Rule 23(b)(1)(B).   Finally, a ruling on the question of whether Section 4617(j)(3) preempts Nev. Rev. Stat. § 116.3116 advances judicial efficiency and economy by resolving the entire controversy on a class-wide basis; therefore, the Court should exercise its discretion to limit class certification to that single issue pursuant to Rule 23(c)(4).

**A.     THE PROPOSED DEFENDANT CLASS SATISFIES THE EXPRESS AND IMPLIED REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(a)**

**1.     Members of the Class Are Sufficiently Numerous to Satisfy Federal Rule of Civil Procedure 23(a)(1)**

Under Rule 23(a)(1), "the class [must] be so numerous that joinder of all members is impracticable."   *Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 587 (C.D. Cal. 2008) (internal quotation marks omitted).   Rule 23(a)(1) does not require that it be impossible to join every member of the class, *see id.*, but instead focuses on "the difficulty or inconvenience of joining all members of the class."   *Harris v. Palm Springs Alpine Estates*, 329 F.2d 909, 913–14 (9th Cir. 1964) (internal quotation marks omitted); *see also Benito v. Indymac Mortg. Servs.*, No. 2:09-cv-

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

7

1218, 2010 WL 2089297, at *3 (D. Nev. May 21, 2010) (quoting *Harris*, 329 F.2d at 913–14). The party moving for class certification does not have "to . . . identify each particular member of a class, or to state the exact number of persons in a class"; "trial judges may reasonably infer" that "numerosity is satisfied" where "it is readily apparent that the size of the potential class would make joinder" impracticable. *Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. at 261–62 (S.D. Cal. 1988). There is no absolute number for purposes of numerosity; however, proposed classes consisting of 15 or fewer members are generally deemed too small to warrant certification, whereas classes of 40 or more members are generally "considered sufficiently numerous." *Delarosa*, 275 F.R.D. at 587; *Ikonen*, 122 F.R.D. at 262.

Here, it is readily apparent that the proposed defendant class is large enough to make joinder of each member impracticable. Between September 18, 2009 and June 30, 2015, there were 3,055 HOA Foreclosure Sales that resulted in sales to third parties.[5] There were 103 sales between September 18, 2009 and June 30, 2010; 253 in Ombudsman Fiscal Year 2011; 244 in Ombudsman Fiscal Year 2012; 1,151 in Ombudsman Fiscal Year 2013; 932 in Ombudsman Fiscal Year 2014; and 372 in Ombudsman Fiscal Year 2015.[6] Corrected First Am. Compl. ¶ 45. Given the Enterprises' combined market share between September 18, 2009 and the present (the "Class Period"), Enterprise Liens encumbered a sizeable percentage of these properties at the time of the HOA foreclosure sales. Moreover, while certain parties, including the named Defendants, are frequent purchasers at HOA foreclosure sales and, therefore, own multiple properties at issue in this action, these 3,000-plus HOA foreclosure sales likely involved dozens of unique purchasers. *Id.*; *see Ikonen*, 122 F.R.D. at 262. Thus, the Proposed Class, with membership surpassing 40 Persons, satisfies the numerosity requirement of Rule 23(a)(1).

### 2. Plaintiffs' Claims Against Named Defendants Raise Questions of Law That Are Common to Absent Class Members and Central to the Case

Rule 23(a)(2) requires as a precondition for class certification that "there are questions of law or fact common to the class." A finding that commonality is satisfied "only requires a *single*

---

[5]    Third parties include HOAs that purchased the property at the HOA foreclosure sale via a credit bid or other means.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

8

significant question of law or fact." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012) (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011)) (emphasis added); *see also Roshandel v. Chertoff*, 554 F. Supp. 2d 1194, 1203 (W.D. Wash. 2008) ("Courts have found that [commonality] can be met by raising a single common issue that is central to the case.").

Commonality is satisfied where a federal law goes to the central question of the parties' respective interests in real property. *See Canadian St. Regis Band of Mohawk Indians v. State of New York*, 97 F.R.D. 453, 456 (N.D.N.Y. 1983). This is just such a case. Plaintiffs' claims against the Proposed Class depend on a contention common to each class member—i.e., that Section 4617(j)(3) protects the Enterprises' interests in the properties at issue from foreclosure while the Enterprises are in conservatorship, and, therefore, Defendants and all other members of the Proposed Class took title subject to Enterprise Liens. *See* Corrected First Am. Compl. ¶¶ 33, 35–41. Indeed, for the June 18, 2015 hearing on the then-pending motion for summary judgment in *Skylights*, the Court included parties from *Williston*, *Elmer*, and *Saticoy Bay LLC Servies 1702 Empire Mine v Fannie Mae*, No. 2:14-cv-1975 because those cases "involv[ed] the same issue concerning the application of 12 U.S.C. § 4617(j)(3) . . . ." 2015 WL 3887061, at *3 & n.2. Moreover, the decisions in *My Global Village*, *Williston*, *Elmer*, and *Premier One* all held that foreclosures under Nev. Rev. Stat. § 116.3116 cannot extinguish Enterprise Liens based on precisely the same reasoning as *Skylights*, despite the factual differences among the cases.

This uniform disposition of the common contention regarding the effect of Section 4617(j)(3) confirms that the issue "is capable of classwide resolution . . . [, and it] will resolve an issue that is central to the validity of each one of [Plaintiffs'] claims in one stroke." *See Dukes*, 131 S. Ct. at 2551.[7] This issue provides the basis for permanent injunctive relief that

---

[6]     The Ombudsman Fiscal Year is from July 1 to June 30 of the following year.

[7]     *Dukes* involved a purported class where the adjudication of each class member's claim required the court to consider unique facts that were specific to each potential member. Even though the parties were asserting the same type of claim, the Supreme Court held that commonality was not satisfied in those circumstances because the class action mechanism did not produce a common answer. *See* 131 S. Ct. at 2552–57. Here, no such individualized factual inquiry is necessary. Section 4617(j)(3) provides a common answer and insulates Enterprise

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

9

forecloses any claims by named Defendants and absent members of the Proposed Class that they own Units that have been the subject of HOA Foreclosure Sales free and clear of unsatisfied Enterprise Liens that encumbered the Units at the time of the HOA foreclosure sale. That injunctive relief and a declaration that Section 4617(j)(3) insulates the Enterprise Liens from extinguishment by HOA Foreclosure Sales, and that members of the Proposed Class take title to the properties subject to Enterprise Liens, are dispositive of the entire controversy between the parties without any need for the Court to undertake a case-by-case examination of the facts of each class member's possessory interest. Thus, the resolution of the Section 4617(j)(3) issue provides a class-wide common answer that resolves the litigation. *See id.* at 2552 (citing Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 131 (2009)).

### 3.   Defendants' Defenses Are Typical of Absent Parties' Defenses

Rule 23(a)(3) requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class."[8] Defenses are typical "if they are reasonably coextensive

---

Liens from extinguishment by HOA Foreclosure Sales. This is evident in the Court's adopting its reasoning and holding from *Skylights* in *Premier One*, *Williston*, and *Elmer*. *See also 1597 Ashfield Valley Trust*, 2015 WL 4581220, at *7 (adopting *Skylights* in holding "under 12 U.S.C. § 4617, no individual may foreclose on property interest possessed by a company in FHFA conservatorship without FHFA consent"); *My Global Vill.*, 2015 WL 4523501, at *4 (adopting *Skylights*).

[8]      The Ninth Circuit has held that "typicality is lacking when the representative plaintiff's cause of action is against a defendant unrelated to the defendants against whom the cause of action of the member of the class lies." *See La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 465 (9th Cir. 1973). "[C]ertification will not be forthcoming unless every named plaintiff has a cause of action against every member of the defendant class except where the defendants are related by law or conspiracy." *In re Gap Stores Sec. Litig.*, 79 F.R.D. 283, 295 (N.D. Cal. 1978). Unlike *La Mar* and *In re Gap Stores Securities Litigation*, the instant case does not involve a bilateral class action certified under Rule 23(b)(3). The claims that Fannie Mae has against the Proposed Class are identical to those that Freddie Mac has against the Proposed Class; in both instances, the Enterprise asserts that Section 4617(j)(3) protects its liens from extinguishment by an HOA Foreclosure Sale. Nonetheless, should the Court deem it necessary, it may certify a Fannie Mae Class and a Freddie Mac Class. The Fannie Mae Class would be defined as current record owners—other than Fannie Mae, Freddie Mac, or the Conservator—of Units as to which: (1) HOA Foreclosure Sales have been or will be completed on or after September 18, 2009, (2) a Fannie Mae Lien had attached and had not been satisfied at the time of the applicable HOA Foreclosure Sale, and (3) the Court may assume and exercise in rem jurisdiction. The Freddie Mac Class would be defined as current record owners—other than Fannie Mae, Freddie Mac, or the Conservator—of Units as to which: (1) HOA Foreclosure Sales have been or will be completed on or after September 18, 2009, (2) a Freddie Mac Lien

10902428.1

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

1  with those of absent class members; they need not be substantially identical," *Staton v. Boeing*

2  *Co.*, 327 F.3d 938, 957 (9th Cir. 2003), and one atypical defense unique to a class representative

3  does not defeat class certification. *Wyandotte Nation v. City of Kansas City, Kan.*, 214 F.R.D.

4  656, 660 (D. Kan. 2003).

5        Here, Defendants' defenses are typical of the defenses likely to be raised on behalf of all

6  of the members of the Proposed Class to challenge the preemptive effect of Section 4617(j)(3).

7  Plaintiffs' claims for permanent injunctive relief and declaratory relief based on Section

8  4617(j)(3) arise from factual circumstances that are common to Defendants and absent members

9  of the Proposed Class:  holding title to Units as to which HOA Foreclosure Sales have been or

10  will be completed on or after September 18, 2009, and that were encumbered by Enterprise Liens

11  at the time of those proceedings.  Unlike transaction-specific issues such as the adequacy of the

12  foreclosure notice, the commercial reasonableness of the HOA foreclosure sale, or whether an

13  Enterprise's loan servicer tendered payment for delinquent HOA dues, the application of

14  Section 4617(j)(3)'s foreclosure bar does not depend on any circumstance unique to Defendants

15  or the transactions involved here, and Section 4617(j)(3) obviates the need for the Court to

16  evaluate any atypical legal or factual issues.  *See Doe v. Los Angeles Unified Sch. Dist.*, 48 F.

17  Supp. 2d 1233, 1245 (C.D. Cal. 1999) (noting that "varying factual differences between the

18  claims or defenses of the class and the class representative will not necessarily render the named

19  representative's claim atypical").  Defendants' defenses will likely go to Section 4617(j)(3)'s

20  plain language, the scope of the foreclosure bar's application, and/or judicial interpretation of

21  HERA or 12 U.S.C. § 1825(b)(2), a similar provision applicable to the Federal Deposit Insurance

22  Corporation.  These defenses are typical of those available to absent class members, arising from

23  Defendants' and absent class members' "status as [] holder[s]" of title to real property.  *See*

24  *Wyandotte*, 214 F.R.D. at 660–61.  Thus, Defendants' interests "align[] with the interests of the

25  class," and their defenses are typical of the defenses absent members of the Proposed Class

26

27  had attached and had not been satisfied at the time of the applicable HOA Foreclosure Sale, and
   (3) the Court may assume and exercise in rem jurisdiction.  This would ensure that the Plaintiffs
   have a live claim against each member of the Proposed Class, thereby satisfying Rule 23(a)(3)'s

28  typicality requirement as it has been interpreted and applied by the Ninth Circuit.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

would likely assert.  *See Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010); *Wyandotte*, 214 F.R.D. at 660–61.

### 4.   Named Defendants Adequately Represent the Interests of Absent Class Members

The final requirement of Rule 23(a) is for the Court to determine whether "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  This requirement aims to satisfy constitutional due process concerns by ensuring that "absent class members [are] afforded adequate representation before entry of a judgment which binds them."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).  There are two parts to the inquiry into the adequacy of representation:  "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Id.*

The named Defendants will adequately represent the interests of absent members of the Proposed Class.  *First*, Plaintiffs seek class certification as to a single issue on which Defendants' and absent class members' interests plainly align—whether Section 4617(j)(3) preserves liens owned by the Enterprises notwithstanding HOA Foreclosure Sales.  *See Oneida Indian Nation of Wisconsin v. State of New York*, 85 F.R.D. 701, 707 (N.D.N.Y. 1980) (noting there was no antagonism between the representative and class where both had "property interests to protect" in the action).  Defendants and absent class members are all current record owners of Units that were encumbered by Enterprise Liens at the time of HOA Foreclosure Sales that purportedly conferred title free and clear of the Enterprises' interests.  As such, the Plaintiffs' claims against Defendants are identical to Plaintiffs' claims against absent class members, and, therefore, Defendants "will automatically defend" the identical interests of absent class members.  *See In re Gap Stores Secs. Litig.*, 79 F.R.D. at 304; *see also Hanlon*, 150 F.3d at 1021 (holding that Rule 23(a)(4) was satisfied where the class representatives for a plaintiff class had "the same problem" as other members of the class).

*Second*, the named Defendants and their counsel will vigorously litigate the issue on behalf of absent members of the Proposed Class.  The "threshold of knowledge required to

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

12

qualify as class representative is low," and the named Defendants and their counsel, through their experience litigating rights to real property, including the precise issue before the Court here, easily satisfy the requirements for class representatives. *See I.B. by & through Nohannon v. Facebook, Inc.*, --- F. Supp. 2d ----, 2015 WL 1056178, at * 12 (N.D. Cal. Mar. 10, 2015). Defendants and their counsel have already litigated individual quiet title actions arising from HOA Foreclosure Sales in this Court as well as Nevada state court, demonstrating the requisite experience, incentives, and resources to represent the interests of members of the Proposed Class. *See Blake*, 663 F.2d at 912 (holding Rule 23(a)(4) was satisfied where the central legal issue "[had] been well presented by" the class representatives' counsel); *see also Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001) (recounting class representative's efforts in furthering the litigation as evidence that he would adequately represent the class). Indeed, Defendant SFR and its counsel successfully litigated the issue of whether a completed HOA foreclosure sale properly conducted under Nev. Rev. Stat. § 116.3116 extinguishes a pre-existing deed of trust before the Nevada Supreme Court, far exceeding the threshold of knowledge and incentive to vigorously litigate on behalf of the class required by Rule 23(a)(4).[9]  Moreover, according to Nevada land records, Defendant Nevada New Builds owns more than 50 properties in Nevada, many of which it acquired through HOA Foreclosure Sales.  The same is true of Las Vegas Development Group, which has acquired more than 40 properties through HOA Foreclosure Sales according to Nevada land records.

---

[9]  Should the named Defendants be reluctant or disinclined to serve as class representatives, their reservations "should not deter the court from naming [them] as representative[s]." *See Thillens, Inc. v. Cmty. Currency Exch. Ass'n of Ill., Inc.*, 97 F.R.D. 668, 679 (N.D. Ill. 1983).  "[W]here a defendant class is involved, the court can designate representatives over whom it already has jurisdiction, even if they do not wish to serve." *Blake*, 663 F.2d at 912.  Indeed, if the Defendants prove unwilling, that unwillingness will "guarantee an adversary presentation of the issues," promoting the due process concerns of Rule 23(a)(4). *See In re Gap Stores Secs. Litig.*, 79 F.R.D. at 290.

10902428.1

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

### 5.     The Court Can Ascertain Whether an Individual Is a Member of the Proposed Class

District courts within the Ninth Circuit have adopted the ascertainability test as "an implied prerequisite to class certification." *Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011).  The test ensures that a class definition "is definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 673 (N.D. Cal. 2011) (internal quotation marks and citations omitted).[10]   A class definition that relies on "objective, rather than subjective, criteria" to identify members satisfies the ascertainability test.  *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1302 (D. Nev. 2014) (citing *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1071 n.3 (9th Cir. 2014)).   By contrast, a class is generally "not ascertainable if membership in the class is based on . . . states of mind, or if the court would have to 'make a determination about the merits of each claim in deciding whether a particular individual is a class member.'"  *Hernandez v. Cnty. of Monterey*, 305 F.R.D. 132, 151–52 (N.D. Cal. Jan. 29, 2015) (quoting *Velasquez v. HSBC Fin. Corp.*, No. 3:08-4592, 2009 WL 112919, at *4 (N.D. Cal. Jan. 16, 2009)).   It is administratively feasible for a court to review individual records to ascertain class membership, provided "the inquiry is not so daunting as to make the class definition insufficient."  *See Herrera*, 274 F.R.D. at 673 (internal quotation marks and citations omitted).

Here, the definition for the Proposed Class relies on three objective, administratively feasible criteria to determine class membership:  a Person is a member of the Proposed Class where the Person is the current record owner of a Unit as to which (1) an HOA Foreclosure Sale has been or will be completed on or after September 18, 2009, (2) an Enterprise Lien had attached and had not been satisfied at the time of the applicable HOA Foreclosure Sale, and (3) the Court may assume and exercise in rem jurisdiction.  *See* Corrected First Am. Compl. ¶ 14.[11]

---

[10]      The purpose for the ascertainability test is to identify the class members "so that it will be clear later on whose rights are merged into the judgment" when "enforcing the preclusive effect of final judgment . . . ." *Xavier*, 787 F. Supp. 2d at 1089.

[11]      *See also supra* n.4 (defining terms used in the Proposed Class definition).

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

To enable the Court to ascertain whether a record owner of any particular Nevada property is a member of the class—and to determine the scope of the Proposed Class—Plaintiffs propose to construct a searchable database that combines publicly available data with information already reflected in Plaintiffs' business records to identify each Nevada property that was both (1) subject to an HOA Foreclosure Sale during the Class Period and (2) encumbered by an Enterprise Lien at the time of the HOA foreclosure sale.

Specifically, Plaintiffs have received from the Nevada Real Estate Division, Office of the Ombudsman for Owners in Common-Interest Communities and Condominium Hotels (the "Ombudsman") a publicly available dataset listing all Nevada properties conveyed through HOA foreclosure sales during the Class Period. The dataset that Plaintiffs received from the Ombudsman includes the Assessor's Property Number—a unique property-identification code used in county land records—the owner or owners at the time of the HOA Foreclosure Sale, the date of the HOA foreclosure sale, the street address, and certain other details regarding the HOA Foreclosure Sale.

Some but not all of the properties identified in the Ombudsman dataset as having been the subjects of HOA Foreclosure Sales were encumbered by Enterprise Liens at the time of the HOA foreclosure sales. To identify those that were, the Enterprises have compiled from records maintained in the ordinary course of business a dataset that identifies the Nevada properties in which either Enterprise had a lien interest during the Class Period. This dataset identifies properties by street address, provides the time period during which the respective Enterprise had an interest in the property, and includes certain other data. The Court may rely on the Enterprise dataset to ascertain class membership. *See Herrera*, 274 F.R.D. at 674, 675 (relying on corporate records with information on purchase money mortgages to ascertain class membership); *Brown v. NFL Players Ass'n*, 281 F.R.D. 437, 441 (C.D. Cal. 2012) (holding that class members—whose identities could be discovered from records of the National Football League or its teams—were sufficiently ascertainable); *see also Sykes v. Mel Harris & Assocs., LLC*, 285 F.R.D. 279, 292–93 (S.D.N.Y. 2012) (finding class is ascertainable where records in

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

15

1  the custody of a party before the court provided information necessary to determine whether a

2  specific individual was a member of the class).

3        Records that are common to both the Ombudsman dataset and the Enterprise dataset

4  identify properties that were both (1) subject to an HOA Foreclosure Sale during the Class

5  Period, and (2) encumbered by an Enterprise Lien at the time of the HOA foreclosure sales.  To

6  identify those records, Plaintiffs propose to match the Ombudsman dataset against the Enterprise

7  dataset using property-specific information common to both datasets—specifically, the property

8  address.[12]  Plaintiffs will then extract those records and combine them into a searchable database.

9  Because the Proposed Class comprises the current record owners of that same set of properties,

10  the searchable database would allow the Court (and absent members of the Proposed Class) to

11  ascertain whether the current record owner of any particular Nevada property is or is not a

12  member of the class.  And because the searchable database can be constructed from publicly

13  available data and Plaintiffs' business records, it is more than sufficient to establish that the

14  Proposed Class is ascertainable for purposes of class certification.  *See Hernandez*, 305 F.R.D. at

15  152 ("[A]s a general matter, less precision is required of class definitions under Rule 23(b)(2)

16  than under Rule 23(b)(3), where mandatory notice is required by due process."); *see also*

17  *Dunakin v. Quigley*, --- F. Supp. 3d ----, 2015 WL 1619065, at *22 (W.D. Wash. Apr. 10, 2015)

18  (collecting cases noting the relaxed ascertainability standards for classes certified under Rule

19  23(b)(2)).

20        Finally, the Proposed Class is limited to class members' interest in real property over

21  which the Court may exercise in rem jurisdiction, thereby excluding properties that are already

22  the subject of Nevada state court actions.  This action will not reach or otherwise adjudicate any

23  rights or interests that Defendants or members of the Proposed Class have in those properties.

24  This criterion is administratively feasible because public state court records can readily identify

25  those properties to exclude them from the scope of this action.

26

27        [12]        To the extent any record contains an incomplete or missing property address, Plaintiffs will obtain this information from other publicly available sources and/or other Enterprise business records.

28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

16

**B.     CERTIFICATION OF A DEFENDANT CLASS IS APPROPRIATE UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(b)(2) OR RULE 23(b)(1)(B)**

To be certified, a proposed class must fall within one of the three categories provided in Rule 23(b).  *See Blake*, 663 F.2d at 912.  Certification of the Proposed Class is appropriate under Rule 23(b)(2) and Rule 23(b)(1)(B).

**1.     Certification Under Federal Rule of Civil Procedure 23(b)(2) Is Appropriate**

Class certification pursuant to Rule 23(b)(2) is appropriate "where the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]"  A district court in the Ninth Circuit may certify a defendant class pursuant to Rule 23(b)(2).  *See Blake*, 663 F.2d at 912–13; *Coal. for Econ. Equity v. Wilson*, No. C 96-4024, 1996 WL 788376, at *3 (N.D. Cal. Dec. 16, 1996).

Here, final injunctive and declaratory relief is appropriate as to the Proposed Class as a whole.  Each member of the Proposed Class has taken title to real property following an HOA Foreclosure Sale, and Plaintiffs argue that because Section 4617(j)(3) preempts Nev. Rev. Stat. § 116.3116, it insulates Enterprise Liens from extinguishment via HOA Foreclosure Sales. Therefore, each member of the Proposed Class has taken title subject to the respective Enterprise Lien.  Injunctive and declaratory relief regarding the preemptive effect of Section 4617(j)(3) would apply to any current record owner of a Unit encumbered by an Enterprise Lien at the time of an HOA Foreclosure Sale, and it would affect absent class members equally.  *See Riley v. Nev. Supreme Court*, 763 F. Supp. 446, 453 (D. Nev. 1991).

Indeed, the scenario before the Court here is closely related to the one considered by the Ninth Circuit in *Blake*.  There, the Ninth Circuit affirmed the certification of a Rule 23(b)(2) defendant class of 3,849 individual Yurok Tribe members in a case litigating their right to cross the counter-plaintiff's land to hunt and fish.  *Blake*, 663 F.2d at 911–12.  The counter-plaintiff argued that the General Allotment Act of 1887, 24 Stat. 388, and the Act of June 17, 1892, 27 Stat. 52, conferred on it title in fee simple absent any interests asserted by the counter-defendants and members of the defendant class.  In affirming the district court's certification of the

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

17

1    defendant class, the Ninth Circuit concluded that the counter-plaintiff's real property rights under

2    federal law meant that its "position [was] the same as to all of [the members of the defendant

3    class] so that final injunctive or declaratory relief [was] appropriate with respect to the class as a

4    whole." *Id.* at 912–13.

5         The same is true of the Enterprises and the Conservator here.  Because Section 4617(j)(3)

6    protects their property interest from extinguishment via an HOA Foreclosure Sale absent the

7    Conservator's consent, their position is the same as to all Defendants and each member of the

8    Proposed Class.  Any decision on the preemptive effect of Section 4617(j)(3) would apply across

9    the board to each named Defendant and every member of the Proposed Class.  As such, "final

10   injunctive or declaratory relief is appropriate with respect to the class as a whole."

11   *See id* at 912–13.  Because Rule 23(b)(2)'s requirements are satisfied here, certification of a

12   defendant class is appropriate.

13        **2.      Certification Under Rule 23(b)(1)(B) Is Appropriate**

14        Under Rule 23(b)(1)(B), a class action may be maintained if:  "(1) prosecuting separate

15   actions by or against individual class members would create a risk of . . . (B) adjudications with

16   respect to individual class members that, as a practical matter, would be dispositive of the

17   interests of the other members not parties to the individual adjudications or would substantially

18   impair or impede their ability to protect their interests."  As its plain text makes clear, Rule

19   23(b)(1)(B) focuses on how a ruling in an individual action would impact the rights of parties not

20   before the court.  *See* Fed. R. Civ. P. 23(b) advisory committee's note (1966 amend.).

21        Class certification pursuant to Rule 23(b)(1)(B) is appropriate here.  Federal law provides

22   the rule of decision to adjudicate the parties' rights to real property, and a decision in one

23   individual action may be dispositive of, or otherwise impede the protection of, the interests of

24   absent members of the Proposed Class.  This same circumstance was before the courts in a line

25   of cases where Native American tribes filed suit against a class of defendant land owners and

26   argued that treaties between the tribes and the United States conferred on the tribes superior title

27   to the underlying real property.  *See Wyandotte*, 214 F.R.D. at 664; *Canadian St. Regis Band of*

28   *Mohawk Indians*, 97 F.R.D. at 458; *Cayuga Indian Nation v. Carey*, 89 F.R.D. 627, 632

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

18

(N.D.N.Y. 1981); *Oneida*, 85 F.R.D. at 706.  Those courts certified defendant classes pursuant to Rule 23(b)(1)(B) because "adjudication favorable to the plaintiffs against the individual defendants on the liability issue would have a far greater impact than simply stare decisis consequences."[13]  *Oneida*, 85 F.R.D. at 706; *see also Wyandotte*, 214 F.R.D. at 664 ("[T]he disposition of a claim against an individual defendant could significantly impair the ability of non[-]parties to protect their interests.").   Specifically, the courts noted that decisions in individual actions would cloud non-parties' title to real property, virtually destroy the value and marketability of the non-parties' property, and even effectively eliminate the non-parties' interest in the real property.  *See Wyandotte*, 214 F.R.D. at 664; *Canadian St. Regis Band of Mohawk Indians*, 97 F.R.D. at 459; *Oneida*, 85 F.R.D. at 706.  *Wyandotte* further noted that "[a]ny determination regarding an individual defendant's entitlement to the land would likely entail determination of issues that could be used offensively to collaterally estop the defenses of" non-parties.  214 F.R.D. at 664.

The same considerations favor certification of a defendant class under that rule here.  A decision from a court in an individual action holding that Section 4617(j)(3) preempts Nev. Rev. Stat. § 116.3116 would mean that every Defendant and absent member of the Proposed Class would hold title subject to an Enterprise Lien.  This holding in favor of Plaintiffs on the Section 4617(j)(3) issue would impede absent class members' ability to protect their interests in real property, and it would potentially cloud title or otherwise impair the value and marketability of the realty.  *See Wyandotte*, 214 F.R.D. at 664; *Canadian St. Regis Band of Mohawk Indians*, 97 F.R.D. at 459; *Oneida*, 85 F.R.D. at 706.  Certifying the Proposed Class ensures that absent class members' interests are adequately represented before entry of an order that would irreparably harm, cloud, or otherwise impair their interests.

---

[13]      Generally, the stare decisis effect of a single opinion is insufficient on its own for certification under Rule 23(b)(1)(B).  *See La Mar*, 489 F.2d at 466–67.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

19

### 3.    Certification Under Rule 23(b)(1)(B) or Rule 23(b)(2) Promotes Judicial Efficiency

Certification of the Proposed Class also comports with the concerns regarding judicial efficiency and conservation of judicial resources that animate the requirements in Rule 23.  As noted above, *supra* at pt. IV.A.2, the Court recognized that the Section 4617(j)(3) issue was dispositive across numerous cases, and, therefore, granted a motion filed by certain Plaintiffs in the instant action to combine and expedite a hearing on that issue in four related cases. Moreover, courts in the District of Nevada have decided the Section 4617(j)(3) issue based on the same legal reasoning.   This uniformity of legal reasoning demonstrates that the most compelling reason for class certification is "sheer practicality."[14]  *See United States v. Truckee-Carson Irrigation Dist.*, 71 F.R.D. 10, 17 (D. Nev. 1975).  Class certification provides "a ready and fair means of achieving unitary adjudication of the rights" of FHFA and the Enterprises as well as Defendants and absent members of the Proposed Class.  *See id.*  Class certification may better protect the interests of absent class members than individually joining each of them. Should each member of the Proposed Class be joined, it is possible that some of them would not "appear and be represented due to the time and expense involved, yet all who were joined would be bound."  *See id.*  "The same result can be obtained" through the class action mechanism, "but with considerable savings of time and money" while also protecting the due process interests of absent members of the Proposed Class.  *See id.*  Litigating the Section 4617(j)(3) issue as a defendant class would provide symmetric, arguably fairer, preclusive effect, and ensure that parties impacted by the decision are adequately represented in the litigation.

### C.    CERTIFICATION OF A SINGLE-ISSUE CLASS PURSUANT TO RULE 23(c)(4) IS APPROPRIATE

Rule 23(c)(4) provides that "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues."  The decision to certify a single-issue class is within the discretion of the court.  *Soc'y for Individual Rights, Inc. v. Hampton*, 528 F.2d 905,

---

[14]    Defendant SFR, apparently recognizing the practical necessity of not litigating these cases *seriatim*, recently filed a motion for pre-trial coordination of 115 cases currently pending in Nevada state court.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

20

906 (9th Cir. 1975). "Courts faced with a proposed issue class should consider 'whether the adjudication of the certified issues would significantly advance the resolution of the underlying case, thereby achieving judicial economy and efficiency.'" *Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164, 193 (N.D. Cal. Feb. 3, 2015) (quoting *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1229 (9th Cir. 1996)).

Limiting class certification to the single issue of whether Section 4617(j)(3) preempts Nev. Rev. Stat. § 116.3116 comports with judicial economy and efficiency. "The class-action device was intended to establish a procedure for the adjudication of common questions of law or fact," and "Rule 23 is carefully drafted to provide a mechanism for the expeditious decision of common questions." *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 880, 881 (1984). Here, certification of the Proposed Class under Rule 23(c)(4) to address the single issue of whether Section 4617(j)(3) preempts Nev. Rev. Stat. § 116.3116—a common legal question that forms the basis of Plaintiffs' claims against the named Defendants and each member of the Proposed Class—can dispose of the entire controversy on a class-wide basis. Certifying a defendant class on this dispositive issue "once for all class members . . . would be far more efficient for [all of the parties before the court] and the courts than requiring [the parties] to litigate the same issue" again and again. *See Kamakahi*, 305 F.R.D. at 193. Certification of the single-issue defendant class will relieve any "difficulties in determining individual" issues because those issues will simply "fall away after" the Court decides the question of whether Section 4617(j)(3) preempts Nev. Rev. Stat. § 116.3116 and insulates Enterprise Liens from extinguishment by HOA Foreclosure Sales. *See Lilly v. Jamba Juice Co.*, No. 13-cv-02998, 2014 WL 4652283, at *11 (N.D. Cal. Sept. 18, 2014). Thus, certification of a single-issue defendant class pursuant to Rule 23(c)(4) is appropriate here.

Limiting class certification to the Section 4617(j)(3) preemption issue is also appropriate because the parties' transaction-specific claims and defenses cannot be litigated on a class-wide basis. For instance, the Enterprises and the Conservator may argue that an Enterprise Lien survived an HOA Foreclosure Sale because the notice of foreclosure was inadequate, the HOA foreclosure sale was commercially unreasonable, or the respective Enterprise's loan servicer may

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

21

have tendered payment for delinquent HOA dues. Each of these claims depends upon transaction-specific factual and legal questions that a class action "would be of little practical value in resolving." *See Soc'y for Individual Rights, Inc.*, 528 F.2d at 906 (affirming district court's decision limiting class relief to a prospective injunction and excluding individual claims for back pay). It is thus within the Court's discretion, under Rule 23(c)(4), "to limit the issue[] in [this] class action" to Section 4617(j)(3)'s preemptive effect, which lends itself "to convenient use of the class action motif." *See id.* (internal quotation marks and citations omitted).[15]

Limiting class certification to the Section 4617(j)(3) preemption issue advances the parties' and the Court's interest in achieving prompt and efficient resolution of this controversy. *See, e.g.*, Fed. R. Civ. P. 1. Following class certification, the Court may rule on the merits, and in doing so generate a common answer that is apt to resolve the litigation. A ruling on the merits in favor of Plaintiffs would extend to named Defendants and members of the Proposed Class the Court's holding in *Skylights*, 2015 WL 3887061, at *5, *12, and its progeny that Section 4617(j)(3) preempts Nev. Rev. Stat. § 116.3116, and HOA Foreclosure Sales do not extinguish Enterprise Liens, thereby deciding the issue for all record owners who have taken title following an HOA Foreclosure Sale of a Unit that was at the time of the HOA foreclosure sale encumbered by an Enterprise Lien.

///

///

///

///

///

///

---

[15]    Plaintiffs expressly reserve and do not waive any grounds that they may have to support claims against particular members of the Proposed Class, such as transaction-specific grounds to invalidate a specific HOA foreclosure sale. *See Barnes v. Am. Tobacco Co., Inc.*, 176 F.R.D. 479, 484–85 (E.D. Pa. 1997) (holding that state law claims and defenses involving absent class members are not waived where they "could not have been brought in the prior federal class action"); *see also* 18 A Charles A. Wright *et al.*, Fed. Prac. & Proc. (2d ed.) § 4455 (noting that a court may leave for subsequent individual actions "other questions that were expressly excluded from the class action").

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1

22

## V.

## CONCLUSION

For the reasons stated above, FHFA, Fannie Mae, and Freddie Mac respectfully request that the Court grant their Motion for Certification of a Defendant Class, adopting the definition set forth in the Corrected First Amended Complaint.

DATED this 2nd day of October, 2015.

| FENNEMORE CRAIG, P.C. | SNELL & WILMER LLP |
|---|---|
| By: _/s/ Leslie Bryan Hart_<br>Leslie Bryan Hart, Esq. (SBN 4932)<br>John D. Tennert, Esq. (SBN 11728)<br>300 E. Second St., Suite 1510<br>Reno, Nevada 89501<br>Tel: 775-788-2228  Fax: 775-788-2229<br>lhart@fclaw.com; jtennert@fclaw.com<br>*Attorneys for Plaintiffs Federal Housing Financing Agency and Federal Home Loan Mortgage Corporation*<br>and<br>**ARNOLD & PORTER LLP**<br>(*Pro Hac Vice* to be submitted)<br>Asim Varma, Esq.<br>Howard N. Cayne, Esq.<br>Michael A.F. Johnson, Esq.<br>*Attorneys for Plaintiff Federal Housing Financing Agency* | By: _/s/ Amy F. Sorenson_<br>Amy F. Sorenson, Esq. (SBN 12495)<br>Robin E. Perkins, Esq. (SBN 9891)<br>3883 Howard Hughes Pkwy, Suite 1100<br>Las Vegas, NV 89169<br>Tel: 702-784-5200 Fax: 702-784-5252<br>asorenson@swlaw.com,<br>rperkins@swlaw.com<br>*Attorneys for Plaintiff Federal National Mortgage Association*<br>and<br>**MCGUIRE WOODS LLP**<br>(*Pro Hac Vice* to be submitted)<br>John H. Maddock III, Esq.<br>Tennille J. Checkovich, Esq.<br>Michael W. Stark, Esq.<br>*Attorneys for Plaintiff Federal Home Loan Mortgage Corporation* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 2nd day of October, 2015, a true and correct copy of the **FHFA, FANNIE MAE, AND FREDDIE MAC'S MOTION FOR CERTIFICATION OF A DEFENDANT CLASS AND MEMORANDUM OF LAW IN SUPPORT THEREOF,** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case. If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

Dana Jonathon Nitz dnitz@wrightlegal.net

Jacqueline A. Gilbert jackie@hkimlaw.com

Roger P. Croteau      croteaulaw@croteaulaw.com

_____/s/   Pamela Carmon_____
Pamela Carmon

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10902428.1