Exhibit A

Exhibit A

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of Federal National Mortgage Association and Federal Home Loan Mortgage Corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and FEDERAL HOME LOAN MORTGAGE CORPORATION,

Plaintiffs,

vs.

SFR INVESTMENTS POOL 1, LLC; NEVADA NEW BUILDS, LLC; and LAS VEGAS DEVELOPMENT GROUP, LLC,

Defendants.

Case No. 2:15-cv-01338-GMN-CWH

**DECLARATION OF DEAN MEYER IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

I, Dean Meyer, under penalty of perjury, declare as follows:

1. My name is Dean Meyer. I have personal knowledge of and am competent to testify as to the matters stated herein by virtue of my position as Director, Loss Mitigation for Federal Home Loan Mortgage Corporation ("Freddie Mac"), a corporation organized and existing under the laws of the United States. I have held my current position with Freddie Mac since November 2010, and have been employed with Freddie Mac since January 1999, holding various other positions.

2. As Director, Loss Mitigation for Freddie Mac, I routinely work with Freddie Mac's business records relating to loans purchased and owned by Freddie Mac, which are secured by security instruments, including for example deeds of trusts, in states throughout the nation, including Nevada. In the ordinary course of its business, Freddie Mac maintains electronic systems and databases that track a variety of attributes of the loans acquired and owned by Freddie Mac, including Freddie Mac's MIDAS system. Freddie Mac relies on those systems and databases to accurately reflect the current status of its loans.

3. I am familiar with the electronic databases Freddie Mac uses to store information concerning Freddie Mac's purchase of loans and to track the status of those loans. Entries in Freddie Mac's systems and corresponding databases are made at or near the time of the events recorded by, or from information transmitted by, persons with knowledge. Freddie Mac's systems and databases are maintained and kept in the course of Freddie Mac's regularly

1

conducted business activity, and it is the regular practice of Freddie Mac to keep and maintain information regarding loans owned by Freddie Mac in Freddie Mac's databases. Freddie Mac's systems and databases consists of records that were made and kept by Freddie Mac in the course of its regularly conducted activities pursuant to its regular business practice of creating such records. These systems and databases are Freddie Mac's business records.

4. I am also familiar with the legal instruments that reflect and evidence those loans, including for example, deeds of trust.

5. I am familiar with the relationships Freddie Mac maintains with Mortgage Electronic Registration Systems, Inc. ("MERS") and entities that service mortgage loans that Freddie Mac owns, as well as with the documents reflecting the terms of those relationships.

6. Freddie Mac's federal charter authorizes Freddie Mac to invest in "residential mortgages," which are loans secured by an interest in real property. I know of no charter provision authorizing Freddie Mac to invest or deal in unsecured loans. Pursuant to its charter, Freddie Mac's business model involves purchasing exclusively loans secured by an interest in real property. Freddie Mac does not purchase or deal in loans that are unsecured.

7. Freddie Mac does not assign its ownership of security instruments separate from notes for loans that it owns, nor does Freddie Mac authorize any of its employees, agents, nominees, servicers, or other contractors to do that. Indeed, because Freddie Mac does not purchase or deal in unsecured loans, Freddie Mac does not authorize any of its employees, agents, nominees, servicers, or other contractors to take any action that would cause any loan Freddie Mac owns to become unsecured.

8. Freddie Mac's electronic databases track every loan Freddie Mac has purchased. Among other things, the databases include fields showing the date that Freddie Mac acquired ownership of the loan, the address of the property securing repayment of the loan, and the date (if any) that the loan was liquidated (whether by payoff, security instrument foreclosure sale to a third-party, repurchase by a seller or servicer, or other transaction).

9. The databases indicate whether loans are "active," meaning that Freddie Mac currently owns the loan (*i.e.*, the loan has not been liquidated) and is in Freddie Mac's portfolio, and whether loans are "closed," meaning that the loan has been liquidated, for example, by borrower payoff or Real Estate Owned sale following foreclosure. To appear as "active" at any time in Freddie Mac's databases, the loan is either (a) a whole loan owned by Freddie Mac, or (b) a securitized loan owned by Freddie Mac as trustee of the securitization trust.

10. I am aware that Freddie Mac owns loans where the corresponding security instrument or assignment thereof lists MERS as the beneficiary of record. Freddie Mac's relationship with MERS requires MERS to take only those actions that Freddie Mac authorizes. In these instances, Freddie Mac has not assigned its ownership interest in the loans, including any ownership interest in the security instrument, to MERS. Accordingly, for those loans that Freddie Mac's database shows as active at a time when MERS is the beneficiary of record, MERS serves solely as nominee for Freddie Mac and acts only on Freddie Mac's behalf. Freddie Mac is entitled under the terms of its relationship with MERS to have MERS identify Freddie Mac as the beneficial owner of the deed of trust on any active loan where the recorded deed of trust lists MERS as the beneficiary.

11. I am aware that Freddie Mac owns loans where the corresponding security instrument or assignment thereof shows one of Freddie Mac's loan servicers as the beneficiary of record. In these instances, Freddie Mac has not assigned its ownership interest in the loans, including any ownership interest in the security instrument, to servicers. Freddie Mac's relationship with its loan servicers is governed by the Freddie Mac Single-Family Seller/Servicer Guide (the "Guide), which requires servicers to take only those actions that Freddie Mac authorizes, including such actions as may be necessary to protect Freddie Mac's interests. The current Guide and archived versions of the Guide are publically available at www.freddiemac.com/singlefamily/guide. For those loans that Freddie Mac's database show as active and the loan servicer is the beneficiary of record of the deed of trust, the servicer serves as beneficiary of record on Freddie Mac's behalf and Freddie Mac is entitled under the

Guide to have the servicer assign the security instrument to Freddie Mac upon Freddie Mac's demand.

12. Sometimes the rights to service Freddie Mac mortgage loans are transferred from one entity to another entity. Freddie Mac does not permit its loan servicers to transfer servicing rights to entities that are not bound by the Guide. The Guide provides that transferee servicers are bound by the Guide. Under the Guide, Freddie Mac is entitled to have transferee servicers assign the security instrument to Freddie Mac. The Guide also provides that transferor servicers remain bound to take such actions as may be necessary to protect Freddie Mac's interests.

13. When Freddie Mac sells or otherwise assigns its interest in a loan, its databases indicate that the loan has been liquidated and is closed. Freddie Mac sometimes sells loans to servicers or other entities; in such circumstances, Freddie Mac's databases would indicate that the loan has been liquidated and is no longer active.

14. For any loan that Freddie Mac's databases show as active, the beneficiary of the deed of trust or other security instrument recorded in the land records will be Freddie Mac itself, MERS, or a current or former loan servicer. Because MERS and loan servicers appear in the land records as beneficiary only on Freddie Mac's behalf, and because Freddie Mac does not purchase or deal in unsecured loans, as a practical business matter the beneficiaries shown in the land records corresponding to loans Freddie Mac's databases show as active will be either Freddie Mac itself or entities acting on Freddie Mac's behalf in a relationship under which Freddie Mac can require them to record an instrument identifying Freddie Mac as the beneficiary of record of the deed of trust.

15. Freddie Mac's systems and databases that contain loan information and data include Freddie Mac's MIDAS system, which stores information concerning Freddie Mac's purchase of loans. I have reviewed Freddie Mac's systems and corresponding databases, which include print-outs from Freddie Mac's systems reflecting the contents of those databases.

16. Freddie Mac's systems and corresponding databases reflect the following:

a. Freddie Mac's MIDAS system reflects that Freddie Mac acquired ownership of a mortgage loan secured by real property located at 1633 Xanadu Drive, Henderson, Nevada ("Pinkul Loan"). As indicated by the "Funding Date" appearing midway down on the second column of Page 1 of 2 of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of the Pinkul Loan, Freddie Mac acquired ownership of the Pinkul Loan on or about April 11, 2006 and did not subsequently sell the Pinkul Loan to any other entity. A true and correct copy of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of the Loan is attached hereto as Exhibit A.

b. As indicated by the "S/S Number 887903" on the print-out from Freddie Mac's MIDAS system identifying Freddie Mac servicers by "Servicer Number," JPMorgan Chase Bank, N.A. ("Chase") services the Pinkul Loan on behalf of Freddie Mac pursuant to the Freddie Mac Single Family Servicing Guide ("Guide"). A true and correct copy of the print-out from Freddie Mac's MIDAS system identifying Freddie Mac servicers by Servicer Number is attached hereto as Exhibit B.

c. Chase was the servicer of the Pinkul Loan on behalf of Freddie Mac on May 14, 2013.

d. Freddie Mac's MIDAS system reflects that Freddie Mac acquired ownership of a mortgage loan secured by real property located at 7671 Mocorito Avenue, Las Vegas, Nevada ("Collingbourne Loan"). As indicated by the "Funding Date" appearing midway down on the second column of Page 1 of 2 of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of the Collingbourne Loan, Freddie Mac acquired ownership of the Collingbourne Loan on or about May 11, 2006 and did not subsequently sell the Collingbourne Loan to any other entity. A true and correct copy of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of the Loan is attached hereto as Exhibit C.

e. As indicated by the "S/S Number 160135" on the print-out from Freddie Mac's MIDAS system identifying Freddie Mac servicers by "Servicer Number," Nationstar Mortgage, LLC ("Nationstar") services the Collingbourne Loan on behalf of Freddie Mac pursuant to the Freddie Mac Single Family Servicing Guide ("Guide"). A true

and correct copy of the print-out from Freddie Mac's MIDAS system identifying Freddie Mac servicers by Servicer Number is attached hereto as Exhibit D.

f. Nationstar was the servicer of the Collingbourne Loan on behalf of Freddie Mac on July 9, 2014.

g. The Guide, a publicly accessible document found at www.freddiemac.com/singlefamily/guide, serves as a central document governing the contractual relationship between Freddie Mac and its servicers nationwide, including Chase, Washington Mutual, and Nationstar. Archived prior versions of the Guide are available at www.freddiemac.com/singlefamily/guide /bulletins/snapshot.html.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 11, 2015.

_____
Dean Meyer
Director, Loss Mitigation
Federal Home Loan Mortgage Corporation

# EXHIBIT A

```
R <==FUNCTION              LOAN BASIC INQUIRY              OAU205IE  A94 0340
PAGE 2 OF 2                     (OAU0010S)                     12/09/15 1736

  LOAN NUMBER           :        7348

  BORROWER NAME         : PINKUL, DEANNE
  PROPERTY STREET       : 1633 XANADU DR
           CITY         : HENDERSON
           STATE        : NV
           ZIP          : 890140000    ORIG COMMITMENT FEE TAX  : 0000000.00
  CENSUS TRACT          :              LOAN DATE INTEREST PAID TO: 060401
                                       MONTHLY PRIN AND INT     : 000824.72
  INDEX SOURCE          : 000          BALLOON TERM             : 000
  INDEX VALUE           : 00.000       DATE BALLOON DUE (YYMMDD) : 000000
  ADJ. PERIOD           : 00           SF MORTGAGE INS CODE     : 000
  ADJ. NOTE RATE        : 00.000       GUAR MORTGAGE INS CODE   :
  LL SERV FEE           : 00.250       INITIAL ADJ. DATE (YYMMDD): 000000
  CAP AMOUNT            : 0.0          DISCOUNT                 : 00000.00
  FLEX MONTHS           : 000          PREMIUM                  : 00000.00
  FLEX PAYMT DATE (YYMMDD) : 000000
       R - RETURN TO LOAN DATABASE INQUIRY ONLY MENU
       M - RETURN TO LOAN / GROUP / POOL DATABASES INQUIRY ONLY MENU
                  PF4/16 GSE/HMDA
```

```
F <==FUNCTION              LOAN BASIC INQUIRY              OAU200IE  A94 0340
PAGE 1 OF 2                     (OAU0010S)                     12/09/15 1736
                                       SSR LOAN NBR         :       6010
  LOAN NUMBER           :        7348  ORIG AMT PRIN        :     128,800
  SERVICER NBR          : 877903       PURCHASE UPB         :     128,686.36
  SELLER NBR            : 132035       INT BRG UPB          :           0.00
  APPROVAL STATE        : CA           DFRD UPB             :           0.00
  FHLMC REGION          : 11           NOTE RATE            : 06.625
  PRODUCT               : A01          PART. PCT.           :  1.00
  GROUP NBR             :     5465     FUNDING DATE (YYMMDD) : 060411
  CONTRACT NBR          :     0079     NOTE DATE (YYMMDD)   : 060227
  LOAN DATA TYPE        : S            MATURITY DATE (YYMMDD) : 360301
  LOAN TYPE             : 5            LOAN ACCTNG NET YIELD : 06.3750
  LOAN PROPERTY TYPE    : S1           PAY OFF DATE (YYMMDD) : 000000
  LOAN STATUS           : 3            PAY OFF TYPE         :
  OWNERSHIP CODE        : W            LTV RATIO            : 0.45
  REF CODE              :              ASSOC FM LOAN NBR    :
  LOAN ORIGINATOR       :              LN ORIGINATION COMPANY :
  APPR ST LIC :                        SPVR APPR ST LIC :
  LAST CHG DATE (YYMMDD) : 151202      MOD/CONV DATE (YYMMDD) :
       F - PAGE FORWARD  R - RETURN TO LOAN DATABASE INQUIRY ONLY MENU
       M - RETURN TO LOAN / GROUP / POOL DATABASES INQUIRY ONLY MENU
                  PF4/16 GSE/HMDA
```

# EXHIBIT B

```
F <==FUNCTION              S/S PROFILE INQUIRY              LSC60IK  A94 0061
 PAGE  001 OF   013             AS OF: 1510                      12/10/15 1017

S/S NUMBER: 877903                           STATUS: ACTIVE
S/S NAME: JPMORGAN CHASE BANK, N.A.
S/S ADDRESS: 3415 VISION DRIVE            COLUMBUS              OH  00000
S/S PHONE: 614 422 2277    POWER OF ATTORNEY: NO

                    APPROVAL STATES (FORM 100 ENTRY  )
          AK AL AR AZ CA CO CT DC DE FL GA HI IA ID IL IN KS KY LA MA
          MD ME MI MN MO MS MT NC ND NE NH NJ NM NV NY OH OK OR PA RI
          SC SD TN TX UT VA VT WA WI WV WY




   FUNCTIONS: F=PAGE FORWARD    B=PAGE BACKWARD    R=RETURN TO MENU
```