| | |
|---|---|
| Leslie Bryan Hart, Esq. (SBN 4932) | Amy F. Sorenson, Esq. (SBN 12495) |
| John D. Tennert, Esq. (SBN 11728) | Robin E. Perkins, Esq. (SBN 9891) |
| FENNEMORE CRAIG, P.C. | SNELL & WILMER LLP |
| 300 E. Second St., Suite 1510 | 3883 Howard Hughes Pkwy, Suite 1100 |
| Reno, Nevada 89501 | Las Vegas, NV 89169 |
| Tel: 775-788-2228   Fax: 775-788-2229 | Tel:  702-784-5200 Fax: 702-784-5252 |
| lhart@fclaw.com; jtennert@fclaw.com | asorenson@swlaw.com, rperkins@swlaw.com |
| *Attorneys for Plaintiffs Federal Housing Finance Agency and Federal Home Loan Mortgage Corporation* | *Attorneys for Plaintiff Federal National Mortgage Association* |
| | |
| (Admitted *Pro Hac Vice*) | (Admitted *Pro Hac Vice*) |
| David B. Bergman, Esq. | John H. Maddock III, Esq. |
| Elliott Mogul, Esq. | Tennille J. Checkovich, Esq. |
| ARNOLD & PORTER LLP | Michael W. Stark, Esq. |
| 601 Massachusetts Ave., NW | MCGUIRE WOODS LLP |
| Washington, DC 20001-3743 | Gateway Plaza, 800 East Canal Street |
| Tel: (202) 942-5000   Fax: (202) 942-5999 | Richmond, VA 23219 |
| David.bergman@aporter.com; | Tel: 804-775-1000 Fax: 804-775-1061 |
| Elliott.mogul@aporter.com | jmaddock@mcguirewoods.com |
| *Attorneys for Plaintiff Federal Housing Finance Agency* | tcheckovich@mcguirewoods.com |
| | mstark@mcguirewoods.com |
| | *Attorneys for Plaintiff Federal Home Loan Mortgage Corporation* |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of the Federal National Mortgage Association and Federal Home Loan Mortgage Corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and FEDERAL HOME LOAN MORTGAGE CORPORATION, <br><br> Plaintiffs, <br> vs. <br><br> SFR INVESTMENTS POOL 1, LLC, a Nevada domestic limited liability company; NEVADA NEW BUILDS, LLC, a Nevada domestic limited liability company; and LAS VEGAS DEVELOPMENT GROUP, LLC, a Nevada domestic limited liability company, <br><br> Defendants. | CASE NO.: 2:15-cv-01338-GMN-CWH <br><br> **MOTION TO SEAL PORTIONS OF PREVIOUSLY FILED DECLARATION OF MICHAEL A.F. JOHNSON ATTACHED AS EXHIBIT A TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CERTIFICATION OF A DEFENDANT CLASS** |

Plaintiffs Federal Housing Finance Agency ("FHFA") and Federal Home Loan Mortgage Corporation ("Freddie Mac") hereby move pursuant to District of Nevada Local Rule 10-5(b) to

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11273746.1

seal portions of the previously filed Declaration of Michael A.F. Johnson, which was attached as Exhibit A to Plaintiffs' Reply in Support of Their Motion For Certification of a Defendant Class ("Plaintiffs' Reply" or "Reply"). This Motion is supported by the following points and authorities, the Court's file, and all other papers and arguments in this action that the Court may consider and that bear upon this issue, and is unopposed by Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Introduction

On December 18, 2015, Plaintiffs filed their Reply in Support of Their Motion For Certification of a Defendant Class (Doc. 73). Attached to that Reply as Exhibit A is the Declaration of Michael A.F. Johnson (the "Declaration"), and attached to the Declaration are 14 exhibits. *See generally*, Declaration. Exhibit 3 of the Declaration contains a printout of certain data provided by Freddie Mac, which was used to identify Nevada properties that were subject to a homeowners' association (an "HOA") foreclosure sale at a time when Freddie Mac owned a mortgage loan on the property, *i.e.,* the properties at issue in this case. *See* Declaration, ¶¶ 3, 13.

After Plaintiffs filed their Reply, Plaintiffs discovered that Exhibit 3 to the Declaration contained confidential extraneous and irrelevant data. Moreover, the data consisted of confidential and sensitive financial information. Plaintiffs will submit a corrected Exhibit 3 that omits the inadvertently filed irrelevant and sensitive financial information, substantially in the form attached to this motion. Plaintiffs now request that the Court seal the original Exhibit 3 attached to the Declaration.

### II.    Good cause exists to seal Exhibit 3 of the Declaration

District of Nevada Local Rule 10-5(b) provides that a party wishing to file documents under seal should do so contemporaneously with a motion for leave to file the documents under seal. Local Rule 10-5(b). This ensures that confidential and privileged documents will be kept under seal until a court rules on the motion. *See id.* However, where confidential and sensitive information has been inadvertently filed, a court may seal the previously filed information to mitigate continuing harm. *See, e.g.*, *Rich v. Shrader*, 2013 U.S. Dist. LEXIS 161850, *5, 2013 WL 6028305 (S.D. Cal. Nov. 13, 2013) (sealing previously filed exhibits in order to "mitigate

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11273746.1

2

1  continuing harm"); *Macon v. UPS*, 2013 U.S. Dist. LEXIS 34263, *16 (W.D. Wash. Mar. 12,
2  2013) (sealing previously filed documents "given the private nature of the documents at issue");
3  *Buchanan v. Homeservices Lending LLC*, 2012 U.S. Dist. LEXIS 162170, *4, 2012 WL 5505775
4  (S.D. Cal. Nov. 13, 2012) (sealing previously filed exhibits attached to a motion to deny class
5  certification because the exhibits "contain plaintiffs' sensitive financial information").  Courts
6  analyze the sealing of previously filed documents just as they would the sealing of all other
7  documents. *See id.*

8  Historically courts have recognized a "general right to inspect and copy public records
9  and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*,
10 435 U.S. 589, 597, 98 S. Ct. 1306, n. 7 (1978). When the record or document to be sealed is a
11 nondispositive motion or pleading, the party seeking to seal it need only make a showing of
12 "good cause." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) A
13 motion for class certification is <u>not</u> considered a dispositive motion for purposes of sealing
14 records, and thus the "good cause" standard applies to this request. *See McCrary v. Elations Co.,*
15 *LLC*, 2014 U.S. Dist. LEXIS 8443, *20 n. 6 (C.D. Cal. Jan. 13, 2014) ("Plaintiff's motions to
16 amend and for class certification are not dispositive, and thus the good cause standard generally
17 applies."); *Rich v. Hewlett-Packard Co.*, 2009 U.S. Dist. LEXIS 64033, *4, 2009 WL 2168688
18 (N.D. Cal. July 20, 2009) ("The motion [for class certification] … is not 'dispositive' in the
19 relevant sense, and a showing of good cause is sufficient to justify filing these documents under
20 seal."); *Buchanan v. Homeservices Lending LLC*, 2012 U.S. Dist. LEXIS 162170, *4, 2012 WL
21 5505775 (S.D. Cal. Nov. 13, 2012) (holding that a motion to deny class certification is "a
22 nondispositive motion").  This lower "good cause" standard applies to nondispositive documents
23 because "those documents are often unrelated, or only tangentially related, to the underlying
24 cause of action." *Kamakana,* 447 F.3d at 1179. Good cause exists to seal a document for a
25 number of reasons, including when the document contains "sensitive financial information."
26 *Buchanan v. Homeservices Lending LLC*, 2012 U.S. Dist. LEXIS 162170, *4, 2012 WL 5505775
27 (S.D. Cal. Nov. 13, 2012).

28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11273746.1

3

1  In the present case, a showing of good cause is sufficient to justify the sealing of Exhibit 3 of the Declaration, which was attached to Plaintiffs' Reply in support of the non-dispositive motion for class certification.

Good cause exists to seal Exhibit 3. The information contained in Exhibit 3 includes extraneous information that was not used to identify properties at issue, and which is therefore not relevant to this action. The information that is relevant to this action has been preserved and appears in the form of the corrected Exhibit 3 attached hereto. Therefore, there is no reason to keep Exhibit 3 public, as it in no way ensures the public's understanding of the judicial process or any significant public event. *See Kamakana*, 447 F.3d at 1179. Moreover, sealing Exhibit 3 would protect sensitive financial information, which courts have specifically held constitutes good cause. *See Buchanan*, 2012 U.S. Dist. LEXIS 162170 at *4.

There are also compelling reasons to seal Exhibit 3. The information contained in Exhibit 3 includes confidential financial information. The protection of such information is a compelling reason to seal documents in the Ninth Circuit. *See Kamakana*, 447 F.3d at 1182. Because there is both good cause and a compelling reason to seal Exhibit 3 of the Declaration, the Court should grant this Motion to Seal.

### III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion to Seal Portions of the Previously Filed Declaration of Michael A.F. Johnson attached as Exhibit

///
///
///
///
///
///
///
///
///

11273746.1

4

A to Plaintiff's Reply in Support of Their Motion for Certification of a Defendant Class.

DATED this 29th day of January, 2016.

**FENNEMORE CRAIG, P.C.**

By:   /s/   Leslie Bryan Hart
       Leslie Bryan Hart, Esq. (SBN 4932)
       John D. Tennert, Esq. (SBN 11728)
       300 E. Second St., Suite 1510
       Reno, Nevada 89501
       Tel: 775-788-2228   Fax: 775-788-2229
       lhart@fclaw.com; jtennert@fclaw.com
*Attorneys for Plaintiffs Federal Housing Financing Agency and Federal Home Loan Mortgage Corporation*

**ARNOLD & PORTER LLP**
   (Admitted *Pro Hac Vice*)
   David B. Bergman, Esq.
   Elliott Mogul, Esq.
*Attorneys for Plaintiff Federal Housing Financing Agency*

**MCGUIRE WOODS LLP**
   (Admitted *Pro Hac Vice*)
   John H. Maddock III, Esq.
   Tennille J. Checkovich, Esq.
   Michael W. Stark, Esq.
*Attorneys for Plaintiff Federal Home Loan Mortgage Corporation*

11273746.1

5

# CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 29th day of January, 2016, a true and correct copy of the **MOTION TO SEAL PORTIONS OF PREVIOUSLY FILED DECLARATION OF MICHAEL A.F. JOHNSON ATTACHED AS EXHIBIT A TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CERTIFICATION OF A DEFENDANT CLASS,** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case. If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

Jory C. Garabedian   jgarabedian@wrightlegal.net

Jacqueline A. Gilbert   Jackie@KGElegal.com

David Bergman   David.Bergman@aporter.com

Diana S. Cline Ebron   diana@KGElegalcom

Howard C. Kim   howard@KGElegal.com

Jesse Panoff   jesse@KGElegal.com

Michael W. Stark   mstark@mcguirewoods.com

Roger P. Croteau   croteaulaw@croteaulaw.com

Dana Jonathon Nitz   dnitz@wrightlegal.net

Timothy Rhoda   croteaulaw@croteaulaw.com

Amy F. Sorenson   asorenson@swlaw.com

Robin E. Perkins   rperkins@swlaw.com

                                                /s/   Pamela Carmon
Pamela Carmon

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11273746.1